UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

JOVON DORSEY, JR.,

  Plaintiff,

  v.     CAUSE NO. 3:24-CV-165-JTM-JEM

SHERRY LAPOINTE, WILLIAM
HYATTE, and GAPSKI,

  Defendants.

## OPINION and ORDER

Jovon Dorsey, Jr., a prisoner without a lawyer, filed a complaint. (DE # 1.) "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Dorsey alleges that Sherry Lapointe did not provide him constitutionally adequate medical care after he was allegedly injured[1] by correctional officials at Miami

---

[1] That alleged use of excessive force is the subject of another lawsuit, *Dorsey v. Mallot*, No. 3:23-cv-52-JEM (N.D. Ind. filed Jan. 24, 2023).

Correctional Facility on August 2, 2022.[2] Dorsey says that after the alleged use of excessive force, he was "visibly bleeding from gashes to [his] right wrist and [his] arm was in excruciating pain and numbness due . . . to extensive damage to [his] right back shoulder." (DE # 1 at 2.) The officers involved refused to get him medical attention, but another officer, Sergeant Williams, related the incident to Sherry Lapointe in the medical unit. Lapointe did not provide Dorsey with immediate treatment, and Dorsey was not seen by a nurse until later that day during "med pass." (DE # 1-1 at 9.) The next day, he was examined in the medical unit as part of an investigation into the use of force. *Id.* He sues Sherry Lapointe for not providing him with immediate medical care, and he sues Warden William Hyatte and Grievance Examiner Gapski for difficulties he encountered when trying to use the Offender Grievance Process to grieve Lapointe's actions.

Under the Eighth Amendment, inmates are entitled to constitutionally adequate medical care. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). To establish liability, a prisoner must satisfy both an objective and subjective component by showing: (1) his medical need was objectively serious; and (2) the defendant acted with deliberate indifference to that medical need. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). Prisoners are "not entitled to demand specific care," *Walker v. Wexford Health Sources, Inc.*, 940 F.3d 954, 965 (7th Cir. 2019) (citation omitted), nor are they entitled to "the best care possible." *Forbes v. Edgar*, 112 F.3d 262, 267 (7th Cir. 1997); *see also Johnson v. Doughty*, 433 F.3d 1001, 1013

---

[2] Dorsey states in the complaint that the incident occurred in 2023, but the attached exhibits, contemporaneous with the incident, state the year as 2022.

2

(7th Cir. 2006) ("[T]he Eighth Amendment does not require that prisoners receive unqualified access to health care." (citation and quotation marks omitted)). Rather, they are entitled to "reasonable measures to meet a substantial risk of serious harm." *Forbes*, 112 F.3d at 267. For a medical professional to be held liable for deliberate indifference to an inmate's medical needs, he or she must make a decision that represents "such a substantial departure from accepted professional judgment, practice, or standards, as to demonstrate that the person responsible actually did not base the decision on such a judgment." *Jackson v. Kotter*, 541 F.3d 688, 697 (7th Cir. 2008). "Mere negligence will not suffice, and deliberate indifference is not coextensive with medical malpractice." *Jackson v. Esser*, 105 F.4th 948, 961–62 (7th Cir. 2024).

Here, because Dorsey received care later in the day, Lapointe can be held responsible only for any harm that occurred between when she allegedly denied him care and when he later received it. The question, thus, is whether it was deliberate indifference for Lapointe not to see Dorsey right away based on what she knew about his condition from Sergeant Williams. Taking the allegations in a light most favorable to Dorsey, it is not reasonable to infer that he was suffering from a medical emergency that required immediate care. He says that he was bleeding, but not all cuts and scrapes require the attention of a medical professional, and there are no facts supporting an inference that the bleeding was bad enough to require a medical professional. It is not deliberate indifference to insist an inmate follow administrative procedures to receive medical care for non-urgent matters. *See Lewis v. McLean*, 941 F.3d 886, 894 (7th Cir. 2019) ("Nurse McLean did not think emergency care was necessary when Mr. Lewis

3

could move his limbs, breathe, and talk; in other words, she exercised her professional judgment. A treatment decision that's based on professional judgment cannot evince deliberate indifference." (quotation marks and brackets omitted)); *Rankin v. Baker*, 770 F. App'x 752, 754-55 (7th Cir. 2019) (concluding "[a] reasonable jury . . . could not find that Dr. Baker's referral to the sick-call system was blatantly inappropriate and lacked professional judgment" when he told inmate that "he treated only blood-pressure issues in the hypertension clinic unless the inmate presented an emergency, which his follicle condition and knee pain were not" (quotation marks omitted)).

    Dorsey also alleges that his right shoulder was damaged, causing pain and numbness in his wrist and arm. But this condition was not life-threatening and, while no doubt painful, he alleges no worsening of his condition in the several hours between when Sergeant Williams contacted Lapointe and when he was later seen by a nurse. A delay in providing treatment can constitute deliberate indifference, particularly where "that delay exacerbates an inmate's medical condition or unnecessarily prolongs suffering." *Goodloe v. Sood*, 947 F.3d 1026, 1031 (7th Cir. 2020) (citations and internal quotation marks omitted). "[W]hether the length of a delay is tolerable depends on the seriousness of the condition and the ease of providing treatment." *Petties v. Carter*, 836 F.3d 722, 730 (7th Cir. 2016) (en banc), *as amended* (Aug. 25, 2016). Dorsey does not say what treatment he eventually received, which implies that there was no particular need for immediate treatment. His dissatisfaction with how Lapointe responded to his medical need does not become a constitutional violation under these facts.

Nor does Dorsey state a claim against Warden William Hyatte or Grievance Examiner Gapski. He filed a grievance about Sherry Lapointe not seeing him right away, but he encountered difficulties with the grievance process, documented by the exhibits attached to his complaint. At the point when he filed these grievances, though, he had received medical care and was complaining about a situation that was completed and happened in the past. An allegation that prison grievances were mishandled does not state an independent claim. *Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011) ("Prison grievance procedures are not mandated by the First Amendment and do not by their very existence create interests protected by the Due Process Clause, and so the alleged mishandling of [a prisoner's] grievances by persons who otherwise did not cause or participate in the underlying conduct states no claim."). And he does not otherwise have a constitutional right to access the grievance process. *See Grieveson v. Anderson*, 538 F.3d 763, 770 (7th Cir. 2008) (noting that there is not a Fourteenth Amendment substantive due process right to an inmate grievance procedure).

This complaint does not state a claim for which relief can be granted. If Dorsey believes he can state a claim based on (and consistent with) the events described in this complaint, he may file an amended complaint because "[t]he usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). To file an amended complaint, he needs to write this cause number on a **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form which is available from his law

5

library. He needs to write the word "Amended" on the first page above the title "Prisoner Complaint" and send it to the court after he properly completes the form.

For these reasons, the court:

(1) **GRANTS** Jovon Dorsey Jr. until **October 10, 2024**, to file an amended complaint; and

(2) **CAUTIONS** Jovon Dorsey Jr. if he does not respond by the deadline, this case will be dismissed under 28 U.S.C. § 1915A without further notice because the current complaint does not state a claim for which relief can be granted.

**SO ORDERED.**

Date: September 5, 2024

s/James T. Moody
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT