UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| JOVON DORSEY, JR., | |
| Plaintiff, | |
| v. | CAUSE NO. 3:24-CV-165-JTM-JEM |
| SHERRY LAPOINTE, | |
| Defendant. | |

OPINION and ORDER

Jovon Dorsey, Jr., a prisoner without a lawyer, filed an amended complaint. (DE # 10.) "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Dorsey's complaint concerns the medical care he received after he was allegedly injured by Miami Correctional Facility employees on August 2, 2022. He describes that his "injuries consisted of gashes to [his] wrist from the restraints around [his] wrists, excruciating pain, numbness to [his] right arm and some swelling." (DE # 10 at 2.) He says he notified Staff Sergeant Williams of his injuries and asked for medical treatment.

Sergeant Williams reportedly relayed the information to Nurse Sherry Lapointe, and she refused to provide any care.

A few hours after the incident, Dorsey was able to stop a nurse during med pass and show him the injuries. He was not seen by Lapointe until the next day, when he was examined in medical as part of an investigation into the incident. Dorsey alleges that he now suffers from a permanent trigger point in his back right shoulder, for which he has been prescribed Diclofenac Sodium 1% gel, a type of topical NSAID that treats arthritis by decreasing inflammation. *See* Mayo Clinic, *Diclofenac (topical application route)*, https://www.mayoclinic.org/drugs-supplements/diclofenac-topical-application-route/description/drg-20063434 (last visited Jan. 14, 2025).

Under the Eighth Amendment, inmates are entitled to constitutionally adequate medical care. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). To establish liability, a prisoner must satisfy both an objective and subjective component by showing: (1) his medical need was objectively serious; and (2) the defendant acted with deliberate indifference to that medical need. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). A delay in providing treatment can constitute deliberate indifference, particularly where "that delay exacerbates an inmate's medical condition or unnecessarily prolongs suffering." *Goodloe v. Sood*, 947 F.3d 1026, 1031 (7th Cir. 2020) (citations and internal quotation marks omitted). "[W]hether the length of a delay is tolerable depends on the seriousness of the condition and the ease of providing treatment." *Petties v. Carter*, 836 F.3d 722, 730 (7th Cir. 2016) (en banc), *as amended* (Aug. 25, 2016). Courts defer to a medical professional's judgment regarding appropriate care unless that decision represents "such a substantial

2

departure from accepted professional judgment, practice, or standards, as to demonstrate that the person responsible actually did not base the decision on such a judgment." *Jackson v. Kotter*, 541 F.3d 688, 697 (7th Cir. 2008). "Mere negligence will not suffice, and deliberate indifference is not coextensive with medical malpractice." *Jackson v. Esser*, 105 F.4th 948, 961–62 (7th Cir. 2024). Here, giving Dorsey the inferences he is entitled to at this stage of the proceedings, he may proceed against Lapointe for the harm caused by delaying treatment for the injuries he sustained on December 2, 2022.

In addition, Dorsey sues Warden William Hyatte and Grievance Specialist Gapski for deficiencies in the grievance system. He attaches the grievance he filed about the denial of care (DE # 10-1 at 16) and details how he never received a response or the necessary forms to continue the process (*id.* at 17-36). This does not state a claim, as the grievance does not allege an ongoing, unmet medical need and he does not have a constitutional right to access the grievance process. *See Grieveson v. Anderson*, 538 F.3d 763, 770 (7th Cir. 2008) (noting that there is not a Fourteenth Amendment substantive due process right to an inmate grievance procedure). An allegation that prison grievances were mishandled does not state an independent claim. *Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011) ("Prison grievance procedures are not mandated by the First Amendment and do not by their very existence create interests protected by the Due Process Clause, and so the alleged mishandling of [a prisoner's] grievances by persons who otherwise did not cause or participate in the underlying conduct states no claim."). Warden Hyatte and Grievance Specialist Gapski will be dismissed.

Finally, Dorsey filed a motion for an extension of time to file his amended complaint. (DE # 9.) The court will grant the motion and deem the amended complaint timely filed.

For these reasons, the court:

(1) GRANTS the motion for an extension of time (DE # 9) and deems the amended complaint (DE # 10) timely;

(2) GRANTS Jovon Dorsey, Jr. leave to proceed against Nurse Sherry Lapointe in her individual capacity for compensatory and punitive damages for the harm caused by delaying treatment for the injuries he sustained to his wrist, arm, and shoulder on December 2, 2022, in violation of the Eighth Amendment;

(3) DISMISSES all other claims;

(4) DISMISSES William Hyatte and Gapski;

(5) DIRECTS the clerk, under 28 U.S.C. § 1915(d), to request Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) Nurse Sherry Lapointe at Centurion Health of Indiana, LLC, with a copy of this order and the complaint (DE # 10);

(5) ORDERS Centurion Health of Indiana, LLC to provide the full name, date of birth, and last known home address of any defendant who does not waive service if it has such information; and

(6) ORDERS, under 42 U.S.C. § 1997e(g)(2), Nurse Sherry Lapointe to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to

4

the claims for which the plaintiff has been granted leave to proceed in this screening order.

**SO ORDERED.**

Date: January 14, 2025

s/James T. Moody
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT

5